UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY B. DIETZ,                  )
                                 )
        Petitioner,              )
                                 )
        v.                       )          No. 4:15-CV-0392-SPM
                                 )
TERRY RUSSELL,                   )
                                 )
        Respondent.              )

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Larry B. Dietz's ("Petitioner")

*pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  The parties

have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to

28 U.S.C. § 636(c)(1).  (Doc. 15).  For the following reasons, the petition for a writ of habeas

corpus will be denied.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

The following background is taken from the Missouri Court of Appeals' opinion

affirming the motion court's denial of Petitioner's motion for post-conviction relief:

> On April 16, 2009, the State charged [Petitioner] with one count of the
> class A felony of forcible sodomy.  The indictment alleged that [Petitioner] had
> deviate sexual intercourse with J.P., without her consent, by the use of forcible
> compulsion, and in the course of such offense, displayed a deadly weapon in a
> threatening manner.
>
> On June 10, 2009, while incarcerated with the Arizona Department of
> Corrections, [Petitioner] filed [Interstate Agreement on Detainers ("IAD")][1]

---

[1]  The IAD, 18 U.S.C.App. §2, is a compact entered into by forty-eight States, the United States, and the District of
Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another
State.  *See New York v. Hill*, 528 U.S. 110, 111 (2000).  "A State seeking to bring charges against a prisoner in
another State's custody begins the process by filing a detainer, which is a request . . . that the institution in which the
prisoner is housed hold the prisoner for the agency."  *Id*. at 112.  Once a detainer has been lodged, "a prisoner may
file a 'request for a final disposition to be made of the indictment.'"  *Id*. (quoting Art. III(a)  of the IAD).  Upon such
a request, "the prisoner 'shall be brought to trial within one hundred eighty days,' 'provided that for good cause

forms, requesting the "appropriate prosecuting officer" make a final disposition of the charge against him. Form I stated that once he requested final disposition of the charges, he "shall then be brought to trial within 180 days, unless extended pursuant to the provisions of the Agreement . . . However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

On September 2, 2009, trial counsel entered his appearance on [Petitioner]'s behalf. At a pre-trial conference, the trial court scheduled the trial for November 30, 2009. On November 30, 2009, during the pre-trial motions hearing, the trial court stated that "it's been brought to the court's attention that perhaps this matter is not ready to go to trial today." Trial counsel explained that [Petitioner] had filed a "request for a disposition of detainer" and "wishe[d] for the matter to be tried within 180 days." Trial counsel told the court that during his first meeting with [Petitioner] in September, trial counsel informed him that waiving his right to a trial within 180 days "would allow us the opportunity to adequately prepare his case," retain an expert to review the State's DNA evidence, and depose key witnesses. Trial counsel stated that [Petitioner] did not want to waive his right to be tried within 180 days even though "there are things that [Petitioner] does not believe . . . have been done that need to be done for him to have a proper and adequate defense[.]" Trial counsel explained that "[s]ince [Petitioner] has made those requests [to interview and depose witnesses and seek a DNA expert's opinion] known to me . . . I have suggested to him that he waive his speedy trial," but he was unwilling to do so. Trial counsel continued that, based on case law, he believed he could "waive his rights under the Interstate Agreement on Detainers act if I feel that justice requires for me to do an adequate and proper defense of this case." He then requested that "the case be continued over [Petitioner]'s objection . . . in light of preventing any ineffective assistance of counsel claim that may be subsequently made." The State responded that it had no objection to trial counsel's "request for a continuance for good cause as far as preparation of the case[.]"

The trial court asked if [Petitioner] would like to address the court, and [Petitioner] asserted that the State violated the agreement with [Petitioner] to proceed to trial within 180 days. [Petitioner] continued by stating, "I don't have a copy of the indictment. I don't even know who the witnesses are in this case. I don't know who the victim is in this case . . . [h]alf of the discovery is not in there. And I feel that I'm just about as ready to go to trial as I ever will be."

The trial court found that "under these circumstances good cause has been shown as to provide a continuance in this matter." The court acknowledged [Petitioner]'s right to a trial within 180 days under the IAD but stated that "for your attorney to provide effective assistance of counsel, he's assured and advised the Court that he needs this extra time to prepare." The trial court granted trial counsel's request for a continuance and scheduled a status conference in January, [2010].

The court scheduled trial for June 29, 2010. On June 25, 2010, the trial court rescheduled the trial for August 9, 2010, on which date the trial court again

shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.'" *Id*.

rescheduled the trial for November 8, 2010. The trial court twice again continued the trial to January 10, 2011 and April 1, 2011.

On April 4, 2011, the trial court held a jury trial. The State presented the testimony of four witnesses. [Petitioner] testified in his own defense, stating that the sexual encounter was consensual.

The jury found [Petitioner] guilty of forcible sodomy . . . and the trial court sentenced him to thirty years' imprisonment to run consecutive to his sentences in Arizona. This court affirmed the judgment and sentence. *State v. Dietz*, 391 S.W.3d 533 (Mo.App.E.D. 2013).

[Petitioner] filed a [Rule 29.15] motion for post-conviction relief, which counsel amended. The motion court denied [Petitioner]'s motion without an evidentiary hearing. The motion court concluded that [Petitioner] failed to: (1) show that trial counsel failed to provide reasonably effective assistance such that he was prejudiced"; (2) "allege facts related to [trial] counsel which raised matters not refuted by the record"; and (3) "establish any basis in law to have his judgment or sentence vacated, set aside or corrected."

Resp't. Ex. K at 4-7 (footnote omitted).

In his *pro se* appeal[2] of the motion court's denial of his motion for post-conviction relief, Petitioner raised only two claims. Petitioner claimed that the motion court erred in denying his claims that his trial counsel was ineffective in (1) waiving Petitioner's right to a speedy trial under the IAD; and (2) failing to argue that the statute of limitations barred prosecution of the forcible sodomy charge against him. The Missouri Court of Appeals affirmed the motion court's decision. Resp't Ex. K.

On March 2, 2015, Petitioner filed his *pro se* petition in the instant action. Petitioner raised four claims: (1) violation of his due process rights based on the trial court's allegedly erroneous decision to grant a continuance on June 25, 2010, over defense counsel's objection, as the continuance allowed his case to be tried after the 180 day time limit imposed under the IAD; (2) the trial court erred in granting continuances on February 16, 2010, August 9, 2010, and November 8, 2010; (3) his post-conviction counsel was ineffective for failing to argue that his trial court and direct appeal counsel were ineffective for failing to raise claims one and two of

---

[2] Petitioner chose to waive the services of his court appointed counsel and proceed *pro se* in his post-conviction appeal. Resp't Ex. L at 1.

this petition; and (4) his direct appeal counsel was ineffective due to counsel's failure to challenge the sufficiency of the evidence to support a finding that Petitioner used a deadly weapon and therefore was only eligible for conviction of an unclassified felony rather than a class A felony. Respondent filed a response (Doc. 10), and Petitioner filed a traverse (Doc. 11).

## II.  LEGAL STANDARDS

### A.  Standard for Reviewing Habeas Corpus Claims on the Merits

A federal judge may issue a writ of habeas corpus freeing a state prisoner, if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). However, the judge may not issue the writ if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977).

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

## B. Procedural Default

To preserve a claim for federal habeas review, a state prisoner must present that claim to the state court and allow that court the opportunity to address the claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992) and *Abdullah v. Groose*, 75

F.3d 408, 411 (8th Cir. 1996) (en banc)). "The procedural default doctrine and its attendant 'cause and prejudice' standard are 'grounded in concerns of comity and federalism,' *Coleman*, 501 U.S. at 730, and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack. *Murray v. Carrier*, 477 U.S. 478, 490-92 (1986). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Id.* at 488. To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "'present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

## III. DISCUSSION

### A. Grounds One and Two: Trial Court Error Regarding the IAD

As Grounds One and Two both allege trial court error, this Court will consider them together. In Ground One, Petitioner argues that the trial court violated his due process rights when it granted a continuance on June 25, 2010, over defense counsel's objection. Specifically, Petitioner alleges that the continuance allowed his case to be tried after the 180 day time limit imposed by the IAD, thus depriving the trial court of jurisdiction. In Ground Two, Petitioner alleges that the trial court erred in granting further continuances on February 16, 2010, August 9, 2010, and November 8, 2010. Petitioner does not assert that these allegedly erroneously granted continuances violated his due process rights, but the Court will construe the claim broadly to include an alleged violation of his constitutional rights, as rules of pre-trial and trial procedure

are matters of state law and not cognizable for purposes of federal habeas review.  *See Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir. 2006) ("A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process.")  (quoting *Adail v. Wyrick*, 711 F.2d 99, 102 (8th Cir. 1983)).

In Missouri state court, alleged trial court errors, including constitutional claims of trial court error, must be raised on direct appeal, for "[p]ost-conviction motions cannot be used as a substitute for direct appeal or to obtain a second appellate review."  *State v. Clark,* 859 S.W.2d 782, 7889 (Mo.Ct.App. 1993).  If the allegations of trial error are constitutional violations, they are only cognizable in a state post-conviction proceeding when "exceptional circumstances are shown which justify not raising the . . . grounds on direct appeal."  *Id*. at 789.  Even if such "exceptional circumstances" would have allowed the claim to be asserted in post-conviction proceedings despite failing to raise it on direct appeal, a claim that "should have been but was not presented in a post-conviction motion or on appeal from a denial of a post-conviction motion is procedurally defaulted and may not be considered in a federal habeas proceeding."  *See Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006).  Because Petitioner did not raise Grounds One or Two in his post-conviction appeal, they are procedurally defaulted and this Court may not consider the merits of the claims unless Petitioner can show cause for the default and resultant prejudice.  *Coleman*, 501 U.S. at 731-32.

Petitioner appears to assert that the ineffective assistance of his post-conviction, direct appeal, and trial counsel constitutes cause for Petitioner's failure to present the state court with these claims.  (Doc. 1 at 5, 7).  The Supreme Court has recognized that in certain circumstances counsel's ineffectiveness in failing to properly preserve a claim for review will suffice as cause to excuse a procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 441 (2000).  The

ineffective assistance of post-conviction counsel may constitute cause for a petitioner's failure to properly raise a claim of ineffective trial counsel in State court. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Where, as here, the underlying defaulted claims relate to alleged trial court error, and not to the ineffective assistance of trial counsel, Petitioner cannot rely on the alleged ineffectiveness of his post-conviction counsel to excuse his default of the claim. *Id.* Therefore, Petitioner is left to rely on the alleged ineffective assistance of either his direct appeal or his trial counsel in his attempt to excuse the default.

However, "[n]ot just any deficiency in counsel's performance will do; the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Edwards*, 529 U.S. at 451 (internal citation omitted). Thus, a claim of ineffective assistance of counsel must fairly "be presented to the state court as an independent claim before it may be used to establish cause for a procedural default," *Murray v. Carrier*, 477 U.S. 478, 489 (1986), and that ineffective assistance of counsel claim cannot itself have been procedurally defaulted if a petitioner is to rely on it to establish cause. *Edwards*, 529 U.S. at 453. Petitioner failed to present a claim of ineffective assistance of his direct appeal counsel in his state post-conviction appeal, and that claim is therefore defaulted and may not be used to establish cause. *Id.* However, in his post-conviction motion in state court Petitioner did assert that his trial counsel was ineffective for waiving Petitioner's right to a speedy trial under the IAD. Resp't Ex. G at 45. The motion court denied the claim, and the Missouri Court of Appeals affirmed the judgment of the motion court, finding that trial counsel was not ineffective for requesting and consenting to continuances over Petitioner's objections. Resp't Ex. K at 8-9. Because the Missouri Court of Appeals found that Petitioner's trial counsel

was not constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner may not rely on ineffectiveness of his trial counsel to show cause for procedural default unless he can show that the Missouri Court of Appeals' decision was contrary to or an unreasonable application of federal law. *Carrier*, 477 U.S. at 488 (if defendant is represented by counsel whose performance is not constitutionally ineffective there is "no inequity in requiring him to bear the risk of attorney error that results in a procedural default[]").

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland*, 466 U.S. at 686. To show ineffective assistance of counsel, a petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). To show deficient performance, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v.*

*Pinholster*, 131 S. Ct 1388, 1410 (2011)).  In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance," *Bell*, 535 U.S. at 698-99.  "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

A review of the record shows that the Missouri Court of Appeals did not apply *Strickland* to the facts of this case in an objectively unreasonable manner.  The Missouri Court of Appeals properly noted that the *Strickland* analysis applied. Resp't Ex. K, at 9.  With respect to the first prong, the court reviewed the record and found that it refuted Petitioner's claim that trial counsel was not reasonable in waiving his right to be tried within 180 days under the IAD.  Resp't Ex. K at 10.  The Missouri Court of Appeals noted that the language of the IAD makes clear that it is within the trial court's discretion to allow a continuance "for good cause shown," and that the statute "does not require that the defendant consent to the delay, but does require that either the defendant or his attorney must be present."  *Id.*  The Missouri Court of Appeals found that trial counsel was reasonable in seeking a continuance, as Petitioner's trial counsel stated that "waiving [Petitioner]'s right under the IAD would provide counsel the opportunity to adequately prepare [Petitioner]'s case," and that both counsel and Petitioner believed that there was a need for more time to depose witnesses and seek the opinion of a DNA expert in order to  ensure that Petitioner "had a proper and adequate defense."  *Id.*   This was a reasonable conclusion in light of the record.  The Missouri Court of Appeals also reasonably found that it was rational for trial counsel to seek and for the court to grant the continuance over Petitioner's objection in light of the fact that although Petitioner stated that he did not agree to the continuance, he "conceded to the court that he did not have a copy of the indictment, was unaware of the State's witnesses, did

not know the identity of the victim, had not taken any depositions, and was missing discovery." *Id*. Finally, with regard to the second prong of *Strickland*, the Missouri Court of Appeals reasonably found that Petitioner could not establish prejudice. *Id*. at 11. The Court noted that there was nothing in the record indicating that the State was not ready to proceed with trial on the original trial date of November 30, 2009. *Id*. Accordingly, had the continuance not been sought, trial would have commenced on that date, leaving Petitioner with admittedly unprepared trial counsel. *Id*. Additionally, when considering Petitioner's motion for post-conviction relief, the motion court made an affirmative finding of fact that the State was ready for trial on that date. Resp't Ex. H at 337. This Court is required to presume that the state court's factual findings are correct unless Petitioner has rebutted them through clear and convincing evidence. *Rice v. Collins*, 546 U.S. 333, 338-39 (2006). After reviewing the relevant portions of the record, the undersigned finds that the record contains support for the motion court's factual finding and Petitioner has not rebutted that finding. Under these circumstances, it is clear that Petitioner could not demonstrate that he was prejudiced by his counsel's actions in seeking the continuance.

Because the Missouri Court reasonably applied *Strickland* in evaluating this claim, Petitioner's effort to establish cause to excuse his procedural default of Grounds One and Two is unavailing. No cause having been established, the Court does not need to address the prejudice element. *See Abdullah v. Groose*, 75 F.3d 408, 413 (8th Cir. 1996) (en banc) (because petitioner could not establish cause, the Court will "not consider whether [he] has shown prejudice."). The Court will not review the claims on the merits and will deny relief on Grounds One and Two.

**B.  Ground Three:  Ineffectiveness of Post-conviction Counsel**

In Ground Three, Petitioner claims that his post-conviction counsel was ineffective for failing to argue that his trial court and direct appeal counsel were ineffective in failing to raise claims one and two of this instant action in his state post-conviction proceedings. (Doc. 1 at 8). A claim of ineffective assistance of post-conviction counsel is not an independent basis for relief, either statutorily under AEDPA or constitutionally under *Martinez*. See 28 U.S.C. § 2254 (i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Martinez*, 566 U.S. at 16 (expressly declining to find a constitutional right to effective post-conviction counsel). Because Petitioner's claim in Ground Three is not cognizable in a federal habeas proceeding, the Court will not reach the merits and will deny relief on Ground Three.

### C. Ground Four: Ineffectiveness of Direct Appeal Counsel

Petitioner argues in Ground Four that his direct appeal counsel was ineffective for failing to allege that the evidence did not support a finding that he used a deadly weapon in commission of his offenses, and thus, he should have been convicted of an unclassified felony rather than a class A felony. (Doc. 1 at 10). Petitioner did not raise this claim in his direct appeal, and while Petitioner did raise this claim in his post-conviction motion for relief, he failed to re-assert the claim in his *pro se* post-conviction appeal. Thus, this claim is procedurally defaulted and Petitioner is barred from raising it on habeas review unless he can demonstrate cause and prejudice, or can show that failure to consider the claim will result in a fundamental miscarriage of justice. *See Arnold*, 675 F.3d at 1087 ("In Missouri, 'a claim must be presented at each step of the judicial process in order to avoid default.'") (quoting *Jolly*, 28 F.3d at 53)).

Petitioner appears to suggest that ineffective assistance of his post-conviction counsel in not raising this claim at the post-conviction appellate level constitutes "cause" for the procedural default of this claim. (Doc. 1 at 10). That argument is without merit. Although ineffective assistance of post-conviction counsel may constitute cause for the failure to raise a claim in an initial post-conviction proceeding, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), ineffective assistance of post-conviction appellate counsel does not constitute cause to excuse a state procedural default. *See Arnold*, 675 F.3d at 1087 ("*Martinez* offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause."). Furthermore, Petitioner moved to proceed *pro se* in his post-conviction appeal, and elected to waive his court appointed counsel. Resp't Ex. L at 1. Petitioner's own failure to re-assert his claim cannot serve as cause to excuse his default. *See Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975) ("[A] defendant who elects to represent himself cannot therefore complain that the quality of his own defense amounted to a denial of effective assistance of counsel.").

Petitioner also suggests that ineffective assistance of his direct appeal counsel may somehow constitute cause for the procedural default of this claim. However, the underlying defaulted claim concerns the ineffectiveness of his direct appeal counsel. It is unclear to the Court how an assertion of ineffective assistance of direct appeal counsel may act as cause to excuse the procedural default of a claim of ineffective assistance of direct appeal counsel. However, even if the illogic of that assertion could be overcome, ineffective assistance of direct appeal counsel may only constitute "cause" to excuse a procedural default if the petitioner properly raised the claim of ineffective assistance of direct appeal counsel in appropriate state court proceedings. *See Edwards*, 529 U.S. at 450-54. In Missouri, claims of ineffective

assistance of appellate counsel must be brought through a Rule 29.15 motion for post-conviction relief. Mo. Sup. Ct. Rule 29.15(a). A claim of ineffective assistance of appellate counsel is procedurally defaulted if a petitioner fails to raise it in a Rule 29.15 motion or fails to raise it in the appeal from the denial of such a motion. *See Interiano*, 471 F.3d at 856.

Here, Petitioner raised a claim of ineffective assistance of direct appeal counsel in his motion for post-conviction relief. Resp't Ex. H at 132. However, Petitioner did not include it in his appeal from the denial of that motion. Resp't Ex. K at 1. Therefore, the claim of ineffective assistance of direct appeal counsel was never properly before the Missouri courts, is procedurally defaulted, and cannot constitute cause for the default of Ground Four. *See Interiano*, 471 F.3d at 856-57 (claim included in *pro se* motion for post-conviction relief under Rule 29.15 but not included in appeal from denial of that motion is procedurally defaulted).

### D. Fundamental Miscarriage of Justice Exception to Procedural Default

Finally, in Petitioner's traverse he appears to argue in the alternative that his procedural default of Grounds One, Two, and Four may be excused because a "fundamental miscarriage of justice" would result if this Court were to allow his conviction to stand. (Doc. 11 at 2-3). As explained above, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is [actually] innocent of the crime for which he was convicted." *Murphy*, 652 F.3d at 850. Petitioner does not present any evidence of actual innocence at all, but simply makes a bald assertion that this Court's denial of his claims would result in a "fundamental miscarriage of justice." Petitioner's generic and conclusory argument is not sufficient to establish that he is actually innocent of the crime for which he was convicted. This Court will not review on the merits Grounds One, Two, or Four.

## IV. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claim, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

A separate Judgment shall accompany this Memorandum and Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of January, 2018.

15