# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

LARRY B. DIETZ,               )
                                  )
        Petitioner,           )
                                  )
     v.                      )      Case No. 4:15-CV-00392 SPM
                                  )
TERRY RUSSELL,           )
                                  )
        Respondent.        )

## MEMORANDUM AND ORDER

This closed matter is before the Court on Petitioner's *pro se* Notice of Motion Pursuant to Rule 60(b) (Doc. 16), and Motion for Relief from Judgment Pursuant to Rule 60(b). (Doc. 17). On March 2, 2015, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1). Dietz's habeas petition presented four claims, two of which asserted trial court error in connection with the Interstate Agreement on Detainers[1] ("IAD"), and two of which asserted that he received ineffective assistance of counsel. (Doc. 1). The Court denied relief and dismissed the petition on January 5, 2018. *See Dietz v. Russell*, No. 4:15-CV-0392-SPM, 2018 WL 306020 (E.D. Mo. Jan. 5, 2018). On February 26, 2018, Petitioner filed the motion presently at bar, in which he moves the Court to vacate the previous judgment entered in this action and to grant a "judgment of acquittal with his case being dismissed with prejudice," pursuant to Fed.R.Civ.P. 60(b). Respondent has not filed a response in opposition and the time to do so has expired. For the following reasons, Petitioner's motion will be denied.

## I.      Standard of Review

---

[1] The IAD, 18 U.S.C. App. § 2, is a compact entered into by forty-eight States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State. *See New York v. Hill*, 528 U.S. 110, 111 (2000).

The Eighth Circuit had held that when a petitioner files a Rule 60(b) motion in a closed habeas proceeding, the district court should file the purported Rule 60(b) motion and conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

"Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances. Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with AEDPA." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* Fed. R. Civ. P. 81(a)(4) (rules of civil procedure apply to proceedings for habeas corpus to the extent that the practice in those proceedings is not specified in a federal statute or the Rules Governing Section 2254 cases). AEDPA imposes three requirements on second and successive habeas petitions:

> First, any claim that has already been in a previous petition must be dismissed. § 2244(b). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new rule or sufficient to meet § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-530 (2005) (emphasis in original). "It is well established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a

second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."
*U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

## II.    Discussion

First, the Court must determine whether Dietz's Rule 60(b) motion is in fact a motion for relief from judgment, or an impermissible second or successive petition for habeas corpus relief. *See Gonzalez*, 545 U.S. at 530 (Court must first determine if the Rule 60(b) motion filed by a habeas petitioner is a habeas corpus application as that statute uses the term). "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez*, 545 U.S. at 533.

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward*, 577 F.3d at 933. "For the purposes of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a state court's judgment of conviction *or* an attack on the federal court's previous resolution of the claim on the merits." *Ward*, 577 F.3d at 933. "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive petition under AEDPA." *Id.* "No claim is presented if the motion attacks some defect in the integrity of the federal habeas proceedings." *Id.* "Likewise, a motion does not attack a federal court's determination on the merits if it merely asserts that a previous ruling which precluded a merits determination was in error—for example a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar." *Id.*

In his Rule 60(b)(1) motion, Petitioner does not make any argument as to why Rule 60 is an appropriate vehicle to provide relief from the final judgment of this Court. Rather, he simply

reiterates his claims concerning the IAD that comprised counts one and two of his original habeas petition. Thus, it appears that Petitioner's Rule 60(b) motion ultimately seeks to assert a claim, and this claim was raised in his original application for a writ of habeas corpus.

After careful review of the Court's previous decision on Petitioner's habeas petition and the present Rule 60(b)(1) motion, the Court determines that Petitioner's Rule 60(b) motion is improper, because it seeks to re-argue claims that were previously presented in the habeas petition and dismissed. He is simply presenting once more his claim that the trial court violated the requirements of the IAD. Because Petitioner presented this same claim in his first habeas proceeding, 28 U.S.C. 2244(b)(1) precludes him from asserting the claim again in a second or successive habeas petition, and Petitioner has not satisfied the three requirements AEDPA imposes on successive habeas petitions. *See Wainwright v. Norris*, 121 F.3d 339, 340 (8th Cir. 1997) (denying motion were petitioner sought to file second habeas petition asserting claim presented in initial habeas petition); 28 U.S.C. § 2244(a)-(b)(3)(C). Therefore, the Court will deny and dismiss Petitioner's motion as a second or successive habeas petition.

Furthermore, even if the Court did not find that Dietz's claim was a second or successive petition, his Rule 60(b) motion fails. Dietz requests that the Court vacate the original judgment under Rule 60(b)(4), which states that the Court may relieve a party from a final judgment if the judgment is void. A judgment is void if the Court lacked jurisdiction or acted in a manner inconsistent with due process such that the party was deprived of notice or the opportunity to be heard. *See Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cirt. 2008). "A judgment is not void . . . simply because it is or may have been erroneous." *United Student Aid Funds*, 130 S.Ct. 1367, 1377 (2010). Nor is a motion under Rule 60(b)(4) a substitute for a timely appeal. *Kocher v. Dow Chem. Co.,* 132 F.3d 1225, 1229 (8th Cir. 1997).

Here, Petitioner makes no argument that this Court lacked jurisdiction[2] over his habeas corpus action or acted in a manner inconsistent with his right to due process. Instead, petitioner simply reiterates his argument related to the IAD violation alleged in his original habeas petition. Construing his motion liberally, the Court presumes that by asking the Court to declare the judgment void, he is arguing that the Court misapplied the law when denying relief under his first habeas petition. Such an argument does not challenge the jurisdiction of the Court. *See, e.g., United States v. Three Hundred Fifty-Three Thousand Six Hundred Thirty Dollars, in U.S. Currency*, 463 F.3d 812, 813-14 (8th Cir. 2006) (argument challenging legality of the substantive action is not a challenge to jurisdiction). Nor does a review of the record show any action taken in this cause to have been inconsistent with Petitioner's right to due process. Petitioner's argument does not state a ground upon which the Court may find the determination void. *See United Student Aid Funds*, 130 S.Ct. at 1377. As such, Petitioner's Rule 60(b)(4) motion to vacate the final judgment of his habeas petition should be denied.

---

[2]  Although Petitioner does not specifically challenge the Court's jurisdiction in any clear manner, he does state that his IAD claims were not exhausted in state court when he brought his habeas petition because he had not yet raised them in a state habeas proceeding. It is, of course, well established that a federal district court does not have jurisdiction to entertain a claim that has not been "fairly presented" to the state court and is thus not exhausted. *See Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988). However, it is equally well established that a petitioner need not bring a claim in a state habeas petition or other state post-conviction proceeding to fulfill the exhaustion requirement. *See Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir. 1992) (once a claim has been raised and decided on direct appeal by a state court, a petitioner need not raise that claim in further post-conviction relief proceedings to satisfy exhaustion requirement).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Pro Se Rule 60(b)(1) Seeking Relief from the Final Judgment and Reopen Habeas Proceedings" Motion is **DENIED and DISMISSED for lack of jurisdiction as a second or successive habeas motion**.  (Doc. 17.)


_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of April, 2018.