UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY B. DIETZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:15-CV-00392 SPM |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Petitioner's latest in a series of *pro se* Motions For Relief From Judgment Pursuant to Rule 60(b), (Doc. 27). On March 2, 2015, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner's habeas petition presented four claims, two of which asserted trial court error in connection with the Interstate Agreement on Detainers[1] ("IAD"), and two of which asserted that he received ineffective assistance of counsel. (Doc. 1). The Court denied relief and dismissed the petition on January 5, 2018. *See Dietz v. Russell*, No. 4:15-CV-0392-SPM, 2018 WL 306020 (E.D. Mo. Jan. 5, 2018).

On February 26, 2018, Petitioner filed a *pro se* Notice of Motion Pursuant to Rule 60(b), (Doc. 16), and a Motion for Relief from Judgment Pursuant to Rule 60(b), (Doc. 17), in which he moved the Court to vacate the previous judgment entered in this action and to grant a "judgment of acquittal with his case being dismissed with prejudice," pursuant to Fed. R. Civ. P. 60(b). The court denied that motion as a second or successive habeas petition, and such petitions are

---

[1] The IAD, 18 U.S.C. App. § 2, is a compact entered into by forty-eight States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State. *See New York v. Hill*, 528 U.S. 110, 111 (2000).

allowed under only certain circumstances, none of which applied to Petitioner's motion. On June 1, 2018, Petitioner filed a second Motion Pursuant to Rule 60(b), but he subsequently withdrew that motion. (Docs. 19 and 20). Subsequently, Petitioner filed a third and fourth Motion for Relief From Judgment Pursuant to Rule 60(b). (Docs. 23 and 25). The Court again denied the motions as second or successive habeas petitions. On January 2, 2019, Petitioner filed his fifth Motion for Relief from Judgment pursuant to Rule 60(b), which is currently before the Court. (Doc. 27). For the following reasons, Petitioner's motion will be denied.

## I. Standard of Review

The Eighth Circuit had held that when a petitioner files a Rule 60(b) motion in a closed habeas proceeding, the district court should file the purported Rule 60(b) motion and conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

"Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances. Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* Fed. R. Civ. P. 81(a)(4) (rules of civil procedure apply to proceedings for habeas corpus to the extent that the practice in those proceedings is not specified in a federal statute or the Rules

Governing Section 2254 cases). AEDPA imposes three requirements on second and successive habeas petitions:

> First, any claim that has already been in a previous petition must be dismissed. § 2244(b). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new rule or sufficient to meet § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-530 (2005) (emphasis in original). "It is well established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

## II. Discussion

First, the Court must determine whether Petitioner's Rule 60(b) motion is in fact a motion for relief from judgment, or is an impermissible second or successive petition for habeas corpus relief. *See Gonzalez*, 545 U.S. at 530 (Court must first determine if the Rule 60(b) motion filed by a habeas petitioner is a habeas corpus application as that statute uses the term). "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez*, 545 U.S. at 533.

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward*, 577 F.3d at 933. "For the purposes of determining whether the motion is a habeas

3

corpus application, claim is defined as an asserted federal basis for relief from a state court's judgment of conviction *or* an attack on the federal court's previous resolution of the claim on the merits." *Ward*, 577 F.3d at 933. "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive petition under AEDPA." *Id.* "No claim is presented if the motion attacks some defect in the integrity of the federal habeas proceedings." *Id.* "Likewise, a motion does not attack a federal court's determination on the merits if it merely asserts that a previous ruling which precluded a merits determination was in error—for example a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar." *Id.*

In his Rule 60(b)(1) motion, Petitioner does not make any argument as to why Rule 60 is an appropriate vehicle to provide relief from the final judgment of this Court. Though it is not entirely clear, Petitioner appears to raise as grounds for relief an assertion that he received ineffective assistance of trial counsel. Thus, it would seem that Petitioner's Rule 60(b) motion ultimately seeks to assert a claim.

After review of the Court's previous decision on Petitioner's habeas petition and the present Rule 60(b)(1) motion, the Court determines that Petitioner's Rule 60(b) motion is improper, as it seeks to present a claim that was previously adjudicated by this Court and does not appear to assert any previously un-adjudicated claim that relies on "either a new and retroactive rule of constitutional law, or new facts showing a high probability of actual innocence." To the extent that Petitioner may seek to bring new claims for habeas relief, he must first obtain leave from the Eight Circuit Court of Appeals before he can assert those claims in this Court. 28 U.S.C. 2244(b)(3)(A). Petitioner has neither sought nor obtained authorization from the Court of Appeals to file a second or successive petition, and in any event, such authorization would surely be denied, as the constitutional landscape has not recently changed in

the pertinent areas of law, and Petitioner presents no new facts whatsoever. Therefore, 28 U.S.C. 2244(b)(2) precludes him from asserting his claim in a second or successive habeas petition, as Petitioner has not satisfied any of the requirements AEDPA imposes on successive habeas petitions. *See Ward*, 577 F.3d at 933 (upholding denial of motion where petitioner sought to file second habeas petition asserting claim not presented in initial habeas motion); 28 U.S.C. § 2244. Therefore, the Court will deny and dismiss Petitioner's motion as a second or successive habeas petition.

Furthermore, even if the Court did not find that Dietz's claims represented a second or successive petition, his Rule 60(b) motion would nonetheless fail. Dietz requests that the Court vacate the original judgment under Rule 60(b)(1). Rule 60(b)(1) states that the Court may relieve a party from a final judgment if the judgment is due to that party's "mistake, inadvertence, surprise, or excusable neglect." *Feeney v. AT&E, Inc*. 472 F.3d 560, 562 (8th Cir. 2006); Fed. R. Civ. P. 60(b)(1). Petitioner does not indicate what sort of mistake may justify relief under this rule in his case, so it is not entirely clear to the Court whether he alleges mistake by a party or by this Court. To the extent that Petitioner asserts judicial error, it has long been the law of this Circuit that relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence is not available. *See Lowry v. McDonnel Douglas Corp*., 211 F.3d 457, 460-461 (8th Cir. 2000). Furthermore, arguing that a court misunderstood or misapplied the law is not grounds for relief under Rule 60(b)(1). *Nichols v. United States*, No. 4:05-CV-626 WRW, 2006 WL 3420303 at *2 (E.D.Ark. Nov. 28, 2006). Liberally construed, Petitioner's motion seems to assert that his trial attorney was mistaken when he failed to argue that the prosecution was time-barred. As this alleged mistake is not related to mistake by party or inadvertence of this Court, relief based on Rule 60(b)(1) is not available.

Although Petitioner does not refer specifically to Rule 60(b)(6) in his motion for relief, the Court will analyze his motion under that subsection as well, because Petitioner does assert that he is entitled to "extraordinary relief" due to the "exceptional circumstances" of his case. Rule 60(b)(6) allows a court to grant relief for "any other reason that justifies relief," and Courts have held that relief under this subsection is available only in "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "Such circumstance will rarely occur in the habeas context." *Id*. Petitioner makes no argument as to what "extraordinary circumstances" may be present in his case, and after review of the motion, the Court discerns no such circumstances. As such, Petitioner's Rule 60(b) motion to vacate the final judgment of his habeas petition should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *pro se* Motion For Relief From Judgment Pursuant to Rule 60(b) is **DENIED and DISMISSED for lack of jurisdiction as a second or successive habeas motion**. (Doc. 27).

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of January, 2019.