UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY B. DIETZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:15-CV-00392 SPM |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Petitioner's sixth *pro se* Motion for Relief from Judgment Pursuant to Rule 60(b). (Doc. 29). On March 2, 2015, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner's habeas petition presented four claims, two of which asserted trial court error in connection with the Interstate Agreement on Detainers[1] ("IAD"), and two of which asserted that he received ineffective assistance of counsel. (Doc. 1). The Court denied relief and dismissed the petition on January 5, 2018. *See Dietz v. Russell*, No. 4:15-CV-0392-SPM, 2018 WL 306020 (E.D. Mo. Jan. 5, 2018).

On February 26, 2018, Petitioner filed a *pro se* Notice of Motion Pursuant to Rule 60(b), (Doc. 16), and a Motion for Relief from Judgment Pursuant to Rule 60(b), (Doc. 17), in which he moved the Court to vacate the previous judgment entered in this action and to grant a "judgment of acquittal with his case being dismissed with prejudice," pursuant to Fed. R. Civ. P. 60(b). The court denied that motion as a second or successive habeas petition, as such petitions are allowed under only certain circumstances, none of which applied to Petitioner's motion. On June 1, 2018,

---

[1] The IAD, 18 U.S.C. App. § 2, is a compact entered into by forty-eight States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State. See New York v. Hill, 528 U.S. 110, 111 (2000).

Petitioner filed a second Motion Pursuant to Rule 60(b), but he subsequently withdrew that motion. (Docs. 19 and 20). Subsequently, Petitioner filed a third and fourth Motion for Relief from Judgment Pursuant to Rule 60(b). (Docs. 23 and 25). The Court again denied the motions as second or successive habeas petitions. On January 2, 2019, Petitioner filed his fifth Motion for Relief from Judgment pursuant to Rule 60(b). (Doc. 28). The Court, yet again, denied the motion as a second or successive habeas petition. On March 4, 2019, Petitioner filed his sixth and most recent Motion for Relief from Judgment pursuant to Rule 60(b), which is currently before the Court. (Doc. 29). For the following reasons, Petitioner's motion will be denied.

## I.  STANDARD OF REVIEW

The Eighth Circuit had held that when a petitioner files a Rule 60(b) motion in a closed habeas proceeding, the district court should file the purported Rule 60(b) motion and conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

"Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances. Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* Fed. R. Civ. P. 81(a)(4) (rules of civil procedure apply to proceedings for habeas corpus to the extent that the practice in those proceedings is not specified in a federal statute or the Rules

2

Governing Section 2254 cases). The AEDPA imposes three requirements on second and successive habeas petitions:

> First, any claim that has already been in a previous petition must be dismissed. § 2244(b). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new rule or sufficient to meet § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-530 (2005) (emphasis in original). "It is well established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

**II. DISCUSSION**

First, the Court must determine whether Petitioner's Rule 60(b) motion is in fact a motion for relief from judgment, or an impermissible second or successive petition for habeas corpus relief. *See Gonzalez*, 545 U.S. at 530 (Court must first determine if the Rule 60(b) motion filed by a habeas petitioner is a habeas corpus application as that statute uses the term). "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez*, 545 U.S. at 533.

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward*, 577 F.3d at 933. "For the purposes of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a state court's judgment of conviction or an attack on the federal court's previous resolution of the claim on the

3

merits." *Ward*, 577 F.3d at 933. "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive petition under AEDPA." *Id*. "No claim is presented if the motion attacks some defect in the integrity of the federal habeas proceedings." *Id*. "Likewise, a motion does not attack a federal court's determination on the merits if it merely asserts that a previous ruling which precluded a merits determination was in error—for example a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar." *Id*.

In his Rule 60(b)(6) motion, Petitioner does not make any argument as to why Rule 60 is an appropriate vehicle to provide relief from the final judgment of this Court. Petitioner asserts that a document was missing from his direct appeal legal file, in which his trial attorney recorded that "Def[endant] wants a motion to dismiss for [Statute of Limitations] issues." (Doc. 29-2). Petitioner seems to present two distinct arguments. First, Petitioner seems to argue that this document is evidence that his trial attorney was ineffective for not bringing a statute of limitations claim at his initial trial, and subsequently causing such a claim to be procedurally barred in habeas review. (Doc. 29, at 2-3). Second, Petitioner seems to distinctly argue that the omission of this document from his direct appeal legal file denied him a full and fair opportunity to litigate his statute of limitations claim on direct appeal. (Doc. 29, at 2-3). Both of these arguments are asserting a federal basis for relief from his state court judgment. Thus, it would appear that Petitioner's Rule 60(b) motion ultimately seeks to assert a claim.

After careful review of the Court's previous decision on Petitioner's habeas petition and the present Rule 60(b) motion, the Court determines that Petitioner's instant Rule 60(b) motion is improper, as it seeks to present a claim that was not previously adjudicated by this Court, and it does not rely on "either a new and retroactive rule of constitutional law, or new facts showing a high probability of actual innocence." Indeed, none of Petitioner's largely repetitive Rule 60(b)

motions have challenged a defect in the integrity of his federal habeas proceedings, but instead, have either attacked the substance of this Court's resolution of his petition on the merits, reargued points previously raised in his petition, or raised new claims. To the extent that Petitioner seeks to bring a new claim for habeas relief, he must first obtain leave from the Eight Circuit Court of Appeals before he can assert those claims in this Court. 28 U.S.C. 2244(b)(3)(A). Petitioner has neither sought nor obtained authorization from the Court of Appeals to file a second or successive petition, and in any event, such authorization would surely be denied, as the constitutional landscape has not recently changed in the pertinent areas of law. Therefore, 28 U.S.C. 2244(b)(2) precludes him from asserting these claims in a second or successive habeas petition, as Petitioner has not satisfied any of the requirements AEDPA imposes on successive habeas petitions. *See Ward*, 577 F.3d at 933 (upholding denial of motion where petitioner sought to file second habeas petition asserting claim not presented in initial habeas motion); 28 U.S.C. § 2244. Accordingly, the Court will deny and dismiss Petitioner's motion as a second or successive habeas petition.

Furthermore, even if the Court did not find that Dietz's claims represented a second or successive petition, his Rule 60(b)(6) motion would nonetheless fail. Rule 60(b)(6) allows a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, relief under this subsection is only available in "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "Such circumstance will rarely occur in the habeas context." *Id.* Petitioner argues that his unawareness of the document in question, (Doc. 29-2), is an "exceptional circumstance" because Petitioner's unawareness of this evidence led to (1) Petitioner not asserting an ineffective assistance of counsel claim against his trial attorney, and (2) Petitioner not having a chance to fully and fairly litigate his statute of limitations claim on direct appeal. (Doc. 29, at 2-3). Neither of these arguments have any substance, and they certainly do not meet the heightened

standard of "exceptional circumstances." First, while this document could possibly serve as evidence towards an ineffective assistance of counsel claim, Petitioner still had his own recollection of what he asked his trial attorney to do. As such, Petitioner not having access to this document would not have prevented him from bringing a claim for ineffective assistance of trial counsel. Second, the Missouri Court of Appeals addressed Petitioner's statute of limitations argument on direct appeal under plain error review, and the document in question would have had no impact on the question of whether the statute of limitations had run. As such, it cannot be said that Petitioner was denied the chance to fully and fairly litigate his statute of limitations claim on direct appeal. For these reasons, Petitioner's Rule 60(b)(6) motion to vacate the final judgment of his habeas petition is denied.

Finally, the Court notes that Petitioner's Rule 60 motions have been repetitive and frivolous. In light of this, the Court bars Petitioner from filing with this Court any future motion for reconsideration or to set aside judgment under Rule 60 unless such motion is preceded by a motion for leave to file. Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (there is "no constitutional right of access to the courts to prosecute an action that is frivolous," and courts have inherent power to prescribe conditions precedent to filings to determine the propriety of a suit on a case by case basis).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *pro se* Motion for Relief from Judgment Pursuant to Rule 60(b) is **DENIED** and **DISMISSED** for lack of jurisdiction as a second or successive habeas petition. (Doc. 29).

**IT IS FURTHER ORDERED** that Petitioner may not file with this Court any future motion for reconsideration or to set aside judgment under Rule 60. The Court will not consider any such future filings unless Petitioner first requests, and the Court grants, leave to file the motion.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of April, 2019.